{¶ 15} I agree with the majority's conclusion that summary judgment was not appropriate in this case. However, I write separately because I do not agree with the reasoning behind that conclusion.
 {¶ 16} The trial court and the majority simply accept as fact the assumption that plaintiff tripped over the power cords to the styling equipment next to the chair where plaintiff fell. However, the record shows disagreement on this point among the witnesses. Plaintiff testified in her deposition that she knew it was the cords that she tripped on because "[t]here was nothing else to catch." (Cabakoff depo., 14.) However, Emily Looney stated categorically in her deposition that it was not the cords that caused plaintiff to fall ("Q: Do you know what caused her to fall? A: I have no idea. It was not the cords. I do know that."). (Looney depo., 26.)
 {¶ 17} I believe this conflicting evidence makes it clear that a genuine issue of material fact exists regarding the cause of plaintiff's fall, thus making summary judgment inappropriate in this case. Unless it is factually determined that plaintiff tripped over the cords, it is not necessary to consider whether the cords represented an open and obvious hazard. *Page 8 
 {¶ 18} If I were to accept the conclusion by the trial court and the majority that plaintiff tripped over the cords, I agree that applying Civ. R. 56 to the record before us, summary judgment was not appropriate. Viewing the evidence in the record in a light most favorable to plaintiff as the nonmoving party, I believe genuine issues of material fact exist such that defendants were not entitled to judgment as a matter of law.
 {¶ 19} Thus, I concur with the majority's decision to reverse the grant of summary judgment and remand the case to the trial court for further proceedings. *Page 1